Common Pleas Court of Hamilton County.

CLARENCE W. BETZNER. V. THE RICHARDSON COMPANY.

Decided January 5, 1932.

C. E. Dornette, for the demurrer.
A. H. Leeker, and Carl W. Lehman, contra.

DARBY, J.

The petition sets forth that the defendant employed the plaintiff as physician, to render medical services to one of its employees. Such services were rendered between October 26, 1926 and January 1, 1929, and including operations, irrigations, dressings and other treatment of the reasonable value of $465.00, no part of which has been paid.

The amended answer sets forth two defenses, the first of which is a general denial except as to the corporate character of the defendant.

The second defense sets up that one Acus, an employee of the defendant, was injured in the course of his employment, and that application was made to the Industrial Commission to determine the compensability of said claimant; "that the plaintiff herein duly filed with the Industrial Commission in said claim * * * his fee bill under date of May 1, 1929"; that the Industrial Commission allowed the claim of Acus as a compensable claim; that a special investigation was made of the fee bill of the plaintiff and that the Industrial Commission found the value of the plaintiff's services was $230.00, allowed his claim in that amount, and ordered that the employer be directed to pay accordingly; that copy of the foregoing order was served upon the defendant, and that it forwarded its check to the plaintiff in that amount, which the plaintiff refused to accept; that by reason of said facts, this court is without jurisdiction to hear or determine the matters set forth in the petition.

The demurrer is based on two grounds—

1. That the second defense is on its face insufficient in law.

2. That the statement of defense does not state facts which entitle the defendant to the relief demanded.

The question in the case may be stated as follows:

Where an employee of a self-insuring employer is injured, and the employer calls a physician to attend the employee, and upon a claim for compensation being presented to the Industrial Commission the physician presents his claim to the Commission, which is allowed in part only, and the physician declines to accept the award of the Commission, may he maintain an action against the employer on a *quantum meruit* for his services?

It seems to be the claim of the plaintiff that inasmuch as the defendant employed him to attend to the injured employee, that he may proceed against the defendant on the contract for services, regardless of the action of the Industrial Commission.

On behalf of the defendant it is claimed that under Section 1465-69, General Code, the defendant was bound to furnish medical and surgical attendance to defendant's injured employe, and that the contract to compensate for such services would require the defendant to do no more than he was already required to do under the law, and that when he submitted to the Industrial Commission his claim for such services, he was submitting to a competent jurisdiction, and that he chose his tribunal, and his claim not having been allowed in full, he could have no right of action in this court except by way of appeal, and no such appeal has been effected or attempted.

Section 1465-89, General Code, clothes the Industrial Commission with full power to make allowance for medical and surgical services etc., and limits such allowance to $200.00 except in unusual cases.

Section 1465-70 provides that employers who have complied with the law are not liable in damages.

The purpose of the Workmen's Compensation Act was to provide compensation without ordinary process through the courts, for injuries inflicted while employees were engaged in the discharge of their duties.

Acting under the authority conferred upon it, and moved thereto by the action of the plaintiff, the Industrial Commission has fixed the amount of compensation due to

the plaintiff in the sum of $230.00, which is in excess of the maximum in ordinary cases.

Section 1465-90 deals first with the jurisdiction of the Commission in these words:

"The Commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon, including the extent of disability and the amount of compensation to be paid in each case shall be final * * *."

The remaining provisions of that section have to do with appeal, rehearing, filing suits in the Common Pleas Court and error in such cases. That section covers appeals in cases where the employer is a subscriber to the fund, and those in which the owner is qualified to pay compensation direct.

Under the provisions of Section 1465-89 it was the duty of the Industrial Commission to fix the fees for medical attendance. It has done so. Under Section 1465-90 that action is final, unless proper proceedings are had for an appeal. This action is not an appeal, but is a direct action against the defendant on the contract of employment.

The court is of the opinion that since all of the service of the plaintiff was rendered before he presented his claim to the Industrial Commission, that he is bound under the sections referred to, by the action of the Commission, and that he may not maintain this action against the defendant as upon his original employment.

The demurrer to the second defense admits the facts, for the purposes of the case, and assuming the facts to be true, the court is of the opinion that the demurrer to the second defense must be overruled.